## GIBSON v. ANDREWS.

1. The owner of a slave is under a moral and legal obligation to supply his necessary wants.   While the slave remains under his protection, he is the judge of the extent of his wants, but cannot absolve himself from this obligation by voluntarily permitting the slave to be absent from him, unless he provides some person to stand in the relation of Master to the slave.

2. The hirer, where no agreement to the contrary is made, is responsible for medical services rendered to the slave during the period for which he is hired; but if such hirer should permit the slave to be absent from him, the owner would be responsible for necessary medical services as well as the hirer.

ERROR to the County Court of Mobile.

This action was commenced by the plaintiff in error before a Justice of the Peace, and having obtained a judgment the defendant appealed to the County Court.

It appeared in evidence that the plaintiff was a physician, and being at Pascagoula in Mississippi, attended on a slave of the defendant who was dangerously ill, and required the most assiduous medical attention, which was rendered to him—that there did not appear to be any one at Pascagoula whose duty it was to attend to said negro, the defendant being in Alabama. The defendant, when applied to for payment by plaintiff, declined to pay for the services rendered, alledging that one Field was responsible.

The Court, upon these facts, charged the jury that the plaintiff was not entitled to recover for the services, unless they were rendered at the request of the defendant; to which the plaintiff excepted.

The charge of the Court is assigned for error.

STEWART, for plaintiff in error.
DARGAN, contra.

ORMOND, J.—The master being entitled to the entire services of the slave, is under both a moral and legal obligation to supply his necessary wants. Of the extent of these wants, while under his protection, he is himself the judge. This duty which he owes both to the slave and the community, he cannot absolve himself from, by voluntarily permitting him to be beyond his control, unless he provides some person to stand in the relation of master to the slave.

In the case of Fisher and Johnson v. Campbell, [9th Porter, 210,] this obligation of the master is said to be similar to that of a father to support his children, and we then held that a master might, under peculiar circumstances, be liable for necessaries furnished to his slaves without his knowledge or consent, and there can be no doubt that medical services, when the necessity for relief was urgent, would stand on the same footing.

The objection of the defendant that another person was bound to pay for the services rendered, refers no doubt to hirer of the services of the slave. There is no evidence that

the slave was hired out to another person, but as the cause must be remanded, it is proper to consider the case in that aspect.

At an early period in the history of this court, [Meeker v. Childress, Minor, 109,] it was held, that where a negro was hired out, the owner was not liable for medical services rendered to the slave without his request, during the period for which he was hired. This decision appears to have been acquiesced in since that time, and may be considered as law. It must, however be confined to those cases in which the hirer retains the possession. The hirer could not, any more than the owner voluntarily permit the slave to be absent from him; and in such a case there can be no doubt that the owner as well as the hirer would be responsible for necessary medical services rendered to the slave. The master cannot, by his contract with another, absolve himself from the obligation he is under to the slave and the community to afford him protection and provide for his necessary wants in sickness or old age.

The statement in the record is, that there was no one at Pascagoula whose duty it was to take care of said negro. In such a case we entertain no doubt that the owner of the slave is responsible for necessary medical attendance.

The Court therefore erred in its charge to the jury, and its judgment is reversed and the cause remanded.