## MITCHELL *vs.* TALLAPOOSA COUNTY.

[ACTION FOR MEDICAL SERVICES RENDERED TO PRISONERS.]

1. *Liability of county for medical services rendered to prisoners.*—The county is not liable for medical services, rendered at the request of the sheriff, to prisoners confined in the county jail, who are shown to be insolvent; nor for such services rendered to a slave, charged with the murder of his master, although it is shown that such services were necessary to his life and health, and that the relatives of his deceased master refused to procure medical aid for him.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. JNO. GILL SHORTER.

THIS action was brought by the appellant, to recover of the county the amount of an account for medicines furnished and services rendered by him, as a physician, at the request of the sheriff, to certain prisoners confined in the county jail. The plaintiff proved, that the white prisoners, to whom he administered medicines, were sick, and required medical attendance, and were wholly insolvent; that a slave named Rich, on whom he also attended, was confined in jail on a charge of having murdered his late master, and that the relatives of his deceased master, who were his prosecutors, refused to procure medical aid for him. He also proved the reasonableness of the charges contained in the account, the presentation of the account to the court of county commissioners, within the time required by law for the presentation of claims against the county, and their refusal to pay it. The court charged the jury, on these facts, that the plaintiff was not entitled to recover; to which charge the plaintiff excepted, and which he now assigns as error.

WM. H. BARNES, for the appellant.

RICE, C. J.—The Code makes provision for the support of prisoners confined in jail; but we have not been able to find any law, which fixes a liability on the county

for medical attention, drugs, or medicines, furnished to any such prisoner, not at the request of the county, or of the court of county commissioners, but at the request of the sheriff or jailor. The county cannot be coerced to pay for such medical attention, drugs or medicines.— Van Eppes v. The Comm'rs' Court of Mobile, 25 Ala. 460.

It is argued, that the county ought by all means to be held liable for the medical services rendered to the slave Rich, who was confined upon the charge of the murder of his master, because the services were necessary to his life and health, and because the relations of his late master refused to procure medical aid for him. It is a sufficient answer to that argument, to say that there is no law which creates a liability against *the county*, out of the facts stated. But it does not follow that no person or estate is liable for the services rendered to the slave. The late master of the slave being dead, his representative must be regarded as his master. And it is well settled in this State, that the master cannot "absolve himself from the obligation he is under to the slave, and to the community," to provide for his necessary wants in sickness, whilst confined under a criminal charge.—Gibson v. Andrews, 4 Ala. 66.

There is no error in the charge of the court below, and its judgment must be affirmed.