# Talley, *et al. v.* Commissioners' Court of Jackson County, *et al.*

## *Injunction.*

(Decided April 18, 1905. 39 South. 167.)

1. *Counties; Bonds; Warrant.*—The issuance of interest bearing warrants on a county treasurer payable at stated times in the future for the amount of a debt contracted for the building of a court house, is not the issuance of bonds within the purview of section 222 of the Constitution of 1901.

2. *Same; Court House Contract; Validity.*—The court of county commissioners have exclusive power to determine the necessity for the erection of a new court house, and when free from fraud or corruption, their acts in that respect cannot be controlled by any judicial tribunal.

3. *Same; Special Tax.*—A contract for the erection of a court house will not be decreed invalid, and its execution enjoined on the ground that the action of the commissioner's court in levying a special tax for a number of years in the future to meet the warrants issued to pay for same was improper and invalid, conceding that the special tax should be made from year to year, and not for a number of years in the future.

4. *Same; Claims; Auditing.*—The board did not abdicate its power to audit claims against the county by entering into a contract for the erection of a courthouse according to certain plans and specifications, under the direction of a competent architect, to be paid for only after final inspection, as the requisite auditing was done when the court considered and determined what the county should pay for the erection of certain material according to certain plans and within a certain time.

APPEAL from Jackson Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Bill by W. J. Talley and others against the court of county commissioners of Jackson county and others. From a judgment dismissing the bill, complainants appeal. Affirmed.

It was averred in the bill that the court of county commissioners of Jackson county had made a contract with the defendants Dobson & Bynum, and another contract with B. B. Smith, providing for plans and specifications for a new courthouse, to be erected at the county seat of Jackson county, on the site of the old courthouse, and for the construction of said courthouse. Both of these contracts were made exhibits to the bill.

It was further averred in the bill that each of said contracts was void, because they were signed by only three of the four members of the court of county commissioners, the other member of said court refusing to sign said contracts; that under the contract of Dobson & Bynum the court of county commissioners attempted to bind and obligate the county of Jackson to pay to Dobson & Bynum the sum of $35,000 for the construction and erection of the said courthouse; that the sum so agreed on was excessive, and beyond any fair and reasonable price therefor; that the complainants had had no opportunity of examining the plans and specifications prepared by defendant B. B. Smith for said courthouse, but from what they could ascertain with reference to said plans the price of $35,000 was exces-

sive, and that from the knowledge which they had acquired from the plans and specifications the said courthouse could be erected and constructed for a sum not exceeding $25,000; and that in adopting the plans and specifications furnished by the said B. B. Smith, the commissioners advertised for no bids, and in entering into the contract with Dobson & Bynum they advertised for no bids. It was then further averred that under the terms of said contract with Dobson & Bynum the court of county commissioners stipulated for the issuance of county warrants payable in amounts of $500 each, and to be issued in certain amounts annually throughout a term of 12 years from the date of such warrants; that each of said warrants was to bear interest at the rate of 6 per cent. per annum, as was evidenced by coupons attached to each of said warrants; that the action of said court of county commissioners in contracting for the issuance of said warrants was illegal and void, in that said commissioners had no authority to issue its warrants upon the county treasurer, except for existing liability and upon funds in the treasury of said county; that said contract for the issuance of said warrants was a subterfuge to cover the illegal action of said court of county commissioners in issuing the bonds by said county, which was contrary to the law and statute as then existing; that as matter of fact the said warrants were nothing more than bonds, and therefore illegal and void. It was then further averred that by order of the said court of county commissioners an attempt was made to levy a special tax of 10 per cent. on each $100 worth of property situated in said county of Jackson for the years 1905 to 1916, both inclusive; that said action or order on the part of the court of county commissioners was illegal and void, for the reason that said county was

without authority to levy a special tax for the payment
of said obligation to Dobson & Bynum for more than
one year, and for the further reason that at the time
of levying said tax there had previously been levied a
special tax of one-tenth of 1 per cent. for building
bridges in said county,. and also a special tax of one-
tenth of 1 per cent. for the payment of annual interest
on county bonds, theretofore issued for the building and
construction of public roads, which said levies of taxes
were operative and in force at the time of the attempted
levy of the special courthouse tax.   The proceedings
and orders of the court of county commissioners with
reference to the making of the contracts above referred
to, the authorizing of the issuance of county warrants,
and the levy of the special tax were made exhibits to
the bill.   The prayer of the bill was that the said con-
tracts purporting to have been issued by the said court
of county commissioners to the said Dobson & Bynum
and B. B. Smith be declared null and void; that the
court of county commissioners and each of the defend-
ants be restrained and enjoined from the execution and
carrying out of said contract, and be restrained from
tearing down the old courthouse and erecting a new
courthouse; that the special tax levy from the years
1905 to the year 1916, both inclusive, be declared null
and void; that the court of county commissioners and
the members of said court be enjoined and restrained
from issuing to Dobson & Bynum the obligations of
said county, called "warrants"; and that the order of
the court of county commissioners providing for the
issuance of said warrants be declared null and void.
There was also a prayer for general relief.   Upon the
filing of the bill and the execution of the bond as pro-
vided by law, a temporary injunction was issued in
accordance with the prayer of the bill.   The defend-

ants demurred to the bill upon many grounds, setting up in various ways that the bill was without equity; that there were no facts averred showing any fraud, corruption, or unfair dealing on the part of the court of county commissioners; that there were no facts averred in the said bill that showed that the court of county commissioners was without authority to enter into said contracts and to authorize the issuance of the war-rants and the levy of the special tax. The defendants also moved to dismiss the bill for want of equity, and filed a separate motion to dissolve the injunction for want of equity in the bill. Upon the submission of the cause upon the demurrer and motions, the chancellor rendered a decree sustaining the demurrer in each of said motions, and ordered the bill dismissed.

COOPER & FOSTER, F. A. BOSTICK, and W. H. NOR-WOOD, for appellant.

JOHN B. TALLEY, VIRGIL BOULDIN, and G. W. L. SMITH, for appellee.

McCLELLAN, C. J.—It was decided in the case of *Matkin, et al. v. Marengo County, et al.*, 137 Ala. 155, 34 South. 171, that the issuance by the authority of the commissioners' court of interest bearing warrants on the county treasurer payable at a stated time in the future—ten years in that case—for the amount of a debt contracted for the building of a courthouse was not the issuance of bonds by the county within the provisions of section 222 of the Constitution, and was within the competency of the court of county commissioners. We adhere to and reaffirm that ruling, and, applying it to the case at bar, hold that it was not necessary to the validity of the action of the commis-

sioners' court of Jackson county, attacked here, in authorizing the issuance of interest bearing warrants payable severally at divers future dates to pay for the erection of a courthouse for the county, that it shall have been authorized by the vote prescribed by that section of the Constitution. It does not appear by the bill that the special levy of 10 cents on the $100 worth of taxable property made by the commissioners' court for each year the warrants are to run is in excess, when taken in connection with prior special levies, of the special levies allowed for certain purposes, of which the purpose here is one, by. section 215 of the Constitution.

We need not pass upon the question as to the competency of the commissioners' court, when warrants are issued payable yearly for a number of years in the future, to levy in the outset a special tax for each of such years to raise money to meet the warrants maturing each year. It may be that the special levy should be made from year to year; but that concession would not give equity to this bill. If the levy beyond the current year is invalid, the fact would afford no ground for decreeing the invalidity of the contract for the erection of the courthouse and enjoining its execution; nor would a decree annulling the levy as to the later years interfere with the carrying out of the contract, or avail complainants in any way, since the commissioners' court would have the power, and, indeed, be under the duty, to make the necessary special levy year by year. "A court of county commissioners has sole and exclusive power and authority in the matter of determining the necessity for a new courthouse for a county; * * * and, in the exercise of their discretion in such matters, their acts, when free from fraud, corruption, or (and) unfair dealing, can-

not be questioned or controlled by any judicial tribunal."—*Matkin, et al. v. Marengo County, et al., supra.*
The bill in this case makes no charge of fraud or corruption, nor of unfair dealing of a character to require the annulment of the contract. There is a general averment to the effect that the price agreed upon for the erection of the courthouse is excessive, and it is alleged that the building could be erected for $10,000 less than the contract price of $35,000; but the bill affirmatively shows that this is speculation on the part of the complainants, for it is further alleged that they have been unable to inspect the plans and specifications for the structure, or to submit them to other contractors or builders for estimates of the cost of the building contracted for. The negotiations were entered upon and conducted, and the contract made, much in the way pursued by the commissioners' court of Marengo county, whose contract was sustained in *Matkin's Case, supra.*

There is, we think, no force in the contention of the complainants that the commissioners' court by this contract abdicated its power, and sought to, or in fact did, relieve itself of the duty to audit all claims against the county so far as the contractor's claim here is concerned. The requisite auditing was done when the court considered and determined what the county should pay for the erection of certain materials according to certain plans and within a certain time of the proposed courthouse; and it only remained for the court to see to it that the building should be erected in accordance with the plains and specifications. To this end the contract makes provisions such as are usual and necessary in such contracts for the supervision and reports and estimates of a competent architect, and for the

final inspection before full payment and acceptance of the court itself.

We concur with the chancellor that the bill is without equity, and the decree dismissing it out of court must be affirmed.

. Affirmed.