# Ensley Motor Car Co. *v.* O'Rear, Treasurer.

### Mandamus.

(Decided April 20, 1916.   71 South. 704.)

1. **Counties; Claims; Liability.**—No officer can charge a county with the payment of any claim due him, however meritorious, or whatever benefit the county may have derived therefrom, unless expressly or by necessary implication it is authorized by law; the policy of the state being to remove liability on any account except as it is expressed or implied by statute.

2. **Same.**—The power of the board of revenue, or court of county commissioners to expend the funds of the county, is not confined strictly to claims enumerated by statute.

3. **Same; Boards of Revenue; Discretion.**—In performing their duties under the statute in locating, erecting, repairing, removing or furnishing county buildings, bridges and roads, the commissioners or boards of revenue exercise a function that is quasi-legislative, and have a discretion that cannot

[Ensley Motor Car Co. v. O'Rear, Treasurer.]

be exercised for them by any other officer, or directed by any court except when their acts are fraudulent.

4. **Same; Powers; Purchasing Automobile.**—Under General Acts 1915, p. 573, §§ 1, 5 and 9, the commissioners court of a county has authority to purchase and maintain an automobile for use in maintaining and inspecting the roads and bridges of a county, and having issued a proper warrant therefor, such warrant should be duly registered and paid by the county treasurer as required by law.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Mandamus by the Ensley Motor Car Company against Caine O'Rear to compel him as County Treasurer to pay a warrant, ordered issued by the Court of County Commissioners. From a decree denying the writ petitioner appeals. Reversed and rendered.

BURGIN, JENKINS & BROWN, and FINCH & PENNINGTON, for appellant. LACY & LACY, for appellee.

THOMAS, J.—(1) This court has held that counties are governmental agencies of the state; and the board of revenue or commissioners' court is invested with large powers in the conduct of the business affairs of the county. The county is liable for those claims only which the law imposes or authorizes to be contracted.

"No officer can charge the county with the payment of any claim due him, however meritorious or whatever benefit the county may have derived therefrom, unless expressly or by necessary implication authorized by law."

Without regard to any liability of the county at common law, the policy in this state is to remove liability on any account except as it is expressed or implied by statute.—*Mobile v. Drago*, 172 Ala. 155, 50 South. 995; *Naftel v. Montgomery Co.*, 127 Ala. 563, 29 South. 29; *Jack v. Moore*, 66 Ala. 184; *Simpson v. Lauderdale Co.*, 56 Ala. 64; *Posey v. Mobile Co.*, 50 Ala. 6; *Mitchell v. Tallapoosa Co.*, 30 Ala. 130; *Van Eppes v. Comm. Court*. 25 Ala. 460; *Barbour Co. v. Horn*, 48 Ala. 649; *Barbour Co. v. Brunson*, 36 Ala. 362; 2 Kent, 274.

(2) It must not be understood that the power of the board of revenue or court of county commissioners to expend funds is confined only to claims enumerated in the statute; nor can it be reasonably insisted that no other claims than such as are

"enumerated" can be charged upon the county.—*Jack v. Moore, supra; Gunter, et al. v. Hackworth, et al.,* 182 Ala. 205, 62 South. 101; *Mobile v. Williams,* 180 Ala. 639, 61 South. 963; *B. E. L. & P. Co. v. City of Montgomery,* 114 Ala. 433, 21 South. 960; *Allen v. La Fayette,* 89 Ala. 641, 8 South. 30, 9 L. R. A. 497. In *Montgomery County v. Pruett,* 175 Ala. 391, 57 South. 823, it is made clear that no contract can be implied against a county unless it is one which the county is empowered by law to make. In *Board of Revenue of Covington County v. Merrill,* 193 Ala. 521, 68 South. 971, the court said: "Incidental to the power to build roads, bridges, jails, hospitals, and courthouses is the implied power in the board or court to properly inform themselves and to protect the county by the employment of engineers and architects accustomed to such construction, that the needed facility may be the better constructed and adapted and the general public thus the better served.—*Smtih v. McCutchen,* 146 Ala. 455 [41 South. 619]."

(3) In the location, erection, repair, or removal, or in the furnishing of the county's buildings, bridges, and roads, the court of county commissioners or board of revenue have a discretion that cannot be exercised for them by any other county official, or directed by any court, except only when their acts are such as amount to fraud, corruption, or unfair dealing. In the performance of these statutory duties, boards of revenue and courts of county commissioners exercise a function that is quasi legislative. —*Matkins v. Marengo Co.,* 137 Ala. 155, 34 South. 171; *Board of Revenue of Covington Co. v. Merrill, supra; Talley v. Jackson Co.,* 175 Ala. 644, 39 South. 167; *Eutaw v. Coleman,* 189 Ala. 164, 66 South. 464; *Comm's Court v. Hearne,* 59 Ala. 371; *Askew v. Hale Co.,* 54 Ala. 639, 25 Am. Rep. 730; *Parnell v. Comm's Court,* 34 Ala. 278; *Comm's Court v. Bowie,* 34 Ala. 461; *Moore v. Hancock,* 11 Ala. 245. In *Town of Eutaw v. Coleman, supra,* this court said: "We are not dealing with any question of the advisability of what the commissioners have done. There is no charge of fraud, corruption, or unfair dealing, and, in the absence of some such charge, this court is committed to the doctrine that in no case involving the exercise of discretionary power by the court of county commissioners will their action be controlled by any judicial tribunal."

(4) The contention of appellant is that the authority to purchase an automobile and to maintain it is by implication given

the commissioners court by the act of 1915.—Gen. Acts 1915, p. 573. Section 1 of said act is as follows: "That the courts of county commissioners, boards of revenue, or other like governing bodies of the several counties of this state are invested with a general superintendence of the public roads, bridges and ferries within their respective counties, and may establish new, and change and discontinue old, roads, bridges and ferries of their respective counties so as to render travel over the same as safe and convenient as practicable. To this end they are given legislative, judicial and executive powers, except as limited herein. Courts of county commissioners, boards of revenue or courts of like jurisdiction are courts of unlimited jurisdiction and powers as to the construction, maintenance and improvement of the public roads, bridges and ferries in their respective counties, except as their jurisdiction or powers may be limited by the local or special statutes of the state. They may establish, promulgate and enforce rules and regulations, make and enter into such contracts as may be necessary, or as may be deemed necessary or advisable by such courts or boards, to build, construct, make, improve and maintain a good system of public roads, bridges and ferries in their respective counties, and regulate the use thereof; but no contract for the construction or repair of any public road, bridge or bridges shall be made where the payment of the contract price for such work shall extend over a period of more than ten years. Provided, however, that nothing in this act shall be construed to authorize the courts of county commissioners, boards of revenue, or other like governing bodies of the several counties to establish, promulgate or enforce any rules, regulations or laws which may be in conflict with a local or special law providing for the working, maintenance, change, discontinuance or improvement of the public roads, bridges or ferries of such county, now in force or which may hereafter be enacted."

The power of eminent domain is given in section 5; and by section 9 the convicts of any county or municipality may be used in such work under the direction of the court of county commissioners or board of revenue, either in the actual construction of roads, or in quarries, gravel pits, or any plant used for the production of road material. And for the purpose of maintenance there is conferred on such boards or courts the right to impose tolls upon owners of vehicles, with permission to establish, con-

struct, and maintain any road, street, or bridge within the corporate limits of any municipality.—Sections 13, 13½.

It is thus apparent that the statute invested in courts of county commissioners or boards of revenue general superintendence over the roads and bridges of the respective counties, and that in the construction, maintenance and improvement of roads and bridges unlimited jurisdiction and power is given, except only as it may be limited by the local or special statutes of force in the county. Such courts or boards may establish, promulgate and enforce rules and regulations, make and enter into such contracts as may be necessary, or as may by such courts or boards be deemed necessary or advisable, to build, construct, work, improve and maintain a good system of public roads, bridges and ferries in their respective counties.—Acts 1915, p. 573, § 1. This power is to be exercised by such courts or boards as deemed necessary or advisable for the public weal, and cannot be exercised for them, nor can their exercise thereof be restrained or reviewed, unless it has been in a fraudulent, corrupt, or unfair conduct of the business of the county.

With the more recent demands for better roads and more secure bridges and ferries in all sections of the country—in the rural or country districts, and often at points remote from the county site or market places, as well as in urban localities— greater engineering skill and improved machinery and facilities are necessary, in the construction and maintenance of these public agencies. If a board of revenue or court of county commissioners may employ skilled architects to make plans for county ferries, bridges, and buildings, it may provide for like superintendence and inspection. So also, if the necessary material, equipment, and labor, for the proper construction and maintenance of the public roads, bridges, and ferries may be purchased or engaged, and the services of a competent engineer or inspector are required to construct or supervise such public improvements, there can be no doubt of the right to contract therefor. And if the right exists to contract for this inspection and supervision, then the right to maintain, and to transport such inspectors from one portion of the county to another, in the discharge of this public service, cannot be doubted.

The demand for construction and maintenance, and for inspection, of necessity would vary in the different counties, depending upon the facilities for travel, the distances to be tra-

[Dunn v. Dean.]

versed, and the nature and extent of the improvement under-taken. And if any court of county commissioners or board of revenue, as the business agent of the county, should attempt to so contract for machinery, materials, skilled services, or labor, as to amount to a fraudulent, corrupt, or unfair dealing on its part, or as the custodian of such property of the county, should at-tempt to so misuse, or authorize the misuse of, such property of the county, as to constitute a diversion of the property or funds of the county use, a forum is open to restrain such fraudulent conduct, and the member or members of the board so abusing their trust would be liable to the county therefor.

The authority having been exercised in the purchase for the county of an automobile, for the purpose of constructing, main-taining, and inspecting the roads and bridges of Walker county, and a proper warrant having issued therefor, such warrant should be duly registered and paid by the county treasurer in the manner required by law.

The judgment of the lower court is reversed; and judgment is here rendered, awarding the writ of mandamus as prayed in the petition.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.