COUNTY OF CULLMAN, ALA., v. VINCENNES BRIDGE CO.

(Circuit Court of Appeals, Fifth Circuit. April 16, 1918.)

No. 3149.

1. INDEMNITY ⟺16—ASSUMPTION OF BUILDING CONTRACT BY GUARANTOR.

Rights of a guarantor to the surety on a contract for building a courthouse, which took over the work on its abandonment by the contractor, without further agreement with the county, are measured by the contract, and, where that provides for payment in warrants, the guarantor cannot recover a money judgment on the theory of an implied contract.

2. CORPORATIONS ⟺657(3)—FOREIGN CORPORATIONS—COMPLIANCE WITH REQUIREMENTS—CONTRACTUAL RIGHTS.

Under the Constitution and statutes of Alabama, making it unlawful for any foreign corporation to transact any business in the state without having first complied with certain requirements, a corporation which has not so complied can acquire no contractual right as the result of anything done by it in that state.

3. COURTS ⟺312(1)—JURISDICTION OF FEDERAL COURTS—SUITS BY ASSIGNEES.

An action by the assignee of a building contract, providing for assignment, to recover for work done after the assignment is not within Judicial Code, § 24(1) [Comp. St. 1916, § 991(1)], which denies jurisdiction of suits by assignees, unless the assignor could have sued in the same court.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by the Vincennes Bridge Company against the County of Cullman, Ala. Judgment for plaintiff, and defendant brings error. Reversed.

A. J. Harris, of Decatur, Ala. (A. A. Griffith and F. E. St. John, both of Cullman, Ala., and Callahan & Harris, of Decatur, Ala., on the brief), for plaintiff in error.

Lawrence Cooper, of Huntsville, Ala., and Seymour Riddle, of Vinita, Okl. (Cooper & Cooper, of Huntsville, Ala., and Riddle & Riddle, of Talladega, Ala., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. The Vincennes Bridge Company instituted suit against the county of Cullman, Ala., for a balance alleged to be due for the construction of a courthouse. The contract was made with Dobson & Free. The plaintiff became the guarantor to the insurance company, which made the bond of the contractors. Shortly after the beginning of the work it was abandoned by the contractors, and plaintiff undertook to complete the contract. Some changes were made in the plans and specifications, and a controversy arose as to the construction to be placed upon the plans as primarily prepared. A conference was had between the county commissioners, on the one hand, and the Vincennes Bridge Company and the original contractors, on the other, at which the parties undertook to agree as to the changes authorized, and as to the disposition which should be made of the mat-

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ters in controversy. During the course of this conference, the commissioners demanded of the Vincennes Bridge Company a statement as to its relationship to the contract, and, this statement being refused, the county commissioners declined to give further consideration to the matters. The bridge company continued until the building was almost complete, when the superintendent indicated dissatisfaction with some of the work. A representative of the bridge company undertook to secure a statement of what would be required for the completion of the work; but this was not given, and the county took possession of the building. Suit was instituted by the bridge company.

The county set up: (1) That the bridge company could not recover upon the assigned contract, because in violation of section 24, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. 1913, § 991(1)]), regulating jurisdiction of the federal District Court in cases of assignment of promissory notes and choses in action; (2) that the bridge company had not complied with the Alabama statute with regard to securing a permit to do business within the state; (3) that the plaintiffs had not complied with the Alabama statute requiring the presentation to the county commissioners of claims against the county antecedent to the institution of suit on the claims.

[1] The trial judge ruled with the defendant upon its proposition with reference to the assignment of the contract, and confined recovery by the plaintiff to an implied contract arising from the execution of the work by the plaintiff and acceptance of and payment for part of the work by the county. The contention with reference to the invalidity of the claim, based upon the alleged failure of the bridge company to take out a permit to do business, was not sustained. The court submitted to the jury the question of whether or not the county had notice of the relationship of the plaintiff to the work, and whether the refusal to consider and determine the claims of the bridge company by the county commissioners was justifiable, and instructed the jury that, if it was unjustifiable, the refusal was a sufficient reason for not presenting itemized claims against the county before instituting suit.

The conclusion has been reached that it will be necessary to reverse the judgment. The plaintiff claimed the difference between the amount payable for work and material furnished under the contract, and the amount liquidated and for which the interest-bearing warrants of the county had been given. The contract is a part of the pleadings. The eleventh paragraph of the contract provides for the manner in which payments are to be made; it provides for the issuance to the contractor, as the work progresses, of warrants in the denomination of $500 each, bearing interest; it indicates the dates at which the warrants to the amount of $55,000 shall, respectively, be payable, and provides that any balance required in carrying out the contract should be payable on the 1st of February, 1934. The twelfth paragraph has a provision to the effect that the acceptance of the warrants shall not be considered as a waiver of the right of the contractor to institute suit against the county for the price of the building, if the warrants, or any portion of them, should not be paid at maturity.

The contract promised payment of a definite sum, and, in addition,

contemplated and provided for changes which might increase the amount. The manner in which these increases were to be authorized was fixed by the contract. The relationship of the Vincennes Bridge Company to the county, whether it arose directly out of the contract or not, was determined by the contract; and the rights of the county with regard to the construction of and payment for the courthouse were measured by the contract. The effort to practically apply the provisions of the contract to the conditions which arose on account of the ambiguity of the plans, and on account of the changes desired by the county, was not successful. The contractors claimed certain rights measured by the contract, and the county commissioners, justifiably or otherwise, refused to consider them. But whether the conduct of the commissioners constituted estoppel or waiver or not, and whether the contentions of the bridge company with reference to the meaning of the contract, and the amount earned under it, were correct or not, the bridge company is not entitled to recover a money judgment for the amount which it claims to have earned in the construction of the building. It had no right beyond the right to have issued to it warrants of the county in the sums, and payable at the times, indicated by the contract. The bridge company, however, in view of the taking over of the property by the county, and the substantial refusal on the part of the county to permit it to complete the contract, and the claims of the county as to defective work, was justified in instituting a suit to determine the rights of the parties and the amounts, if any, for which warrants should issue.

[2] An exception was reserved to the refusal of the court to give the following charge requested by the defendant:

"If the plaintiff entered into any contract, agreement, express or implied, or undertaking, with Cullman county, prior to December 13, 1912, to erect or build the courthouse, then I charge you under the evidence in this case such contract, agreement, or undertaking was void, and you cannot find a verdict for the plaintiff thereunder."

The suit included a claim based upon the furnishing by the plaintiff of labor and material prior to December 12, 1912. There was evidence of dealings, both before and after that date, from which could be implied agreements to pay the plaintiff for labor and material in the manner stipulated in the contract between the county and Dobson & Free. There was a legal obstacle to a recovery on any contract made prior to December, 1912, to pay the plaintiff for such labor and material, because of plaintiff's failure, until that date, to comply with the condition on which its right to make a contract in Alabama was dependent. Alabama constitutional and statutory provisions make it unlawful for any corporation not organized under the laws of that state "to engage in or transact any business" in that state before filing an instrument in writing in the office of the secretary of state, designating at least one known place of business in that state and an authorized agent or agents residing thereat. Before a compliance with the requirement by such a corporation it is incapable of acquiring any contractual right as a result of anything done by it in Alabama. Alabama Western R. Co. v. Talley-Bates Construction Co., 162 Ala. 396, 50 South. 341; Chatta-

nooga National Building & Loan Ass'n v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870; Diamond Glue Co. v. United States Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328. The evidence in the case was such as to entitle the defendant to an instruction to the jury to the effect that there could be no recovery on any contract, express or implied, which the evidence tended to prove was made or entered into between the plaintiff and the defendant prior to December 13, 1912. The court was in error in refusing a charge involving the legal proposition stated.

The question as to whether a contract, made after the permit, could include payment for labor done and material furnished prior to that date, is not involved. The matter of the presentation of the claims to the commissioners' court is governed by Talley v. Commissioners' Court of Jackson County, 175 Ala. 650, 39 South. 167, and specific consideration of the several assignments with reference thereto is unnecessary.

[3] With reference to the matter of assignment of the contract, the District Judge placed upon the plaintiff an obligation more onerous than the law requires. The bridge company could not (as charged by the court) have recovered upon any assignment of a claim by the contractors, Dobson & Free, for any amount earned prior to the assignment; but assignment was provided for by the contract, and, when made, that which was afterwards earned was due primarily to the substitute contractor, and did not arise out of the assignment of a chose in action.

For the reasons indicated, the judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.

Reversed.