157 So. 481

**COURT OF COM'RS OF PIKE COUNTY v.
JOHNSON.**

4 Div. 778.

Supreme Court of Alabama.
Nov. 15, 1934.

────◆────

418

Wilkerson & Brannen, of Troy, for appellant.

Walters & Walters, of Troy, and J. D. Ratcliffe, of Monroeville, for appellee.

**BOULDIN, Justice.**

This is a proceeding by common-law certiorari to vacate certain orders of the court of county commissioners of Pike county relating to construction and maintenance of public roads and bridges.

On the petition of a taxpayer, landowner, and former employee on the road force in commissioners' district No. 3 in said county, the court below entered an order quashing the several orders or subdivisions of section 3 of the proceedings of July 3, 1934, designated "(a), (b), (c) (d), (e), (f), (g), (h), (i), (j), (k)," and subdivision "(1)," in so far as it applies to the county commissioner of the third commissioners' district. The entire order appears in the report of the case.

The attack on these several subdivisions, which may be treated as separate orders, is upon the ground that the court of county commissioners had no lawful jurisdiction or authority to enter such orders by force of a local act of 1932 (Local Acts 1932 [Ex. Sess.] p. 44), conferring additional duties and powers on each member of such court touching the supervision, construction, and maintenance of roads and bridges located in his district. The case turns on the proper construction of such local statute.

By former local statutes, Pike county was divided into four commissioners' districts, Acts 1890–91, p. 394; and each commissioner is elected by the voters of his district. Acts 1892–93, p. 219. Otherwise, as for matters here involved, the General Road Laws of the state were in force in Pike county, until the enactment of the statute of 1932, supra.

By the general law, the court of county commissioners is the governing body of the county, having general superintendence of public roads and bridges, with legislative, executive, and judicial powers to that end; are declared courts of unlimited jurisdiction and powers in the construction and maintenance of roads and bridges, except as limited by the general statutes, or by local laws. Local laws are recognized as remaining in force, and, as of course, new local laws may repeal expressly or by implication the general laws in conflict therewith. Such governing bodies are empowered to make rules and regulations not in violation of law, and enter into contracts as deemed advisable to provide a good system of public roads. Code 1923, § 1347, Michie's Code 1928, § 1397 (110); Ensley Motor Car Co. v. O'Rear, Treasurer, 196 Ala. 481, 71 So. 704; Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Town of Eutaw v. Coleman, 189 Ala. 164, 173, 66 So. 464.

Many of the acts of the governing body in relation to roads are legislative in character. The levy of road taxes, the allocation of same, the location, establishment, change, or discontinuance of roads, the making of contracts, adoption of rules and regulations, providing a set-up or system of road construction and maintenance, selecting the agents and employees, prescribing their duties and compensation, are all governmental in character, for the most part legislative.

A careful study of the act of 1932, supra, leads us to the conclusion that there was no intention to transfer these governmental powers from the governing body of the county and vest them in the commissioner of each district. Such construction would destroy the unity of county government, and set up several rival government units of one man each, which, with undefined powers, would lead to great confusion.

420

The statute says "each member * * * shall have supervision of and shall be responsible to the Court of County Commissioners for the construction, maintenance," etc., of the roads in his district.

"Supervision" is here coupled with responsibility to the county governing body. This appears significant. Responsible to the body of which he is a member, and that body, including each member, responsible to the people as a whole.

Again the act recognizes power in the court to provide a "County Road Superintendent," who may appoint road overseers, apportioners, etc. The commissioner is vested with power to approve or disapprove such appointments in his district. This negatives any idea that the power to set up his own road organization is vested in the commissioner and taken from the governing body.

Section 2 of the act puts commissioners on a salary basis, instead of a per diem and mileage basis, as provided by section 6771 of the Code, as amended by Acts 1931, p. 805—a local law limited per diem to fifty days each year. Loc. Acts 1915, p. 151. Under section 2, the salary, $50 per month, becomes payable on presentation of a written report which shall show road inspections and due diligence in the performance of duty, and must be approved by the court. This further illustrates that the supervision contemplated by the member is subordinate to the power of general supervision vested in the governing body, which indeed has supervision over him, through control of his pay check.

■■ The act does contemplate vigilant inspection of road and bridge conditions, check up on the performance of duty by whatever set up the court adopts, a supervision under and in aid of the body of which he is one.

By the general law a commissioner could draw pay for inspecting roads, etc., only when acting under a previous order of the court, or in certain cases of emergency. Code, § 6771 (as amended Acts 1931, p. 805).

The statute here involved removes such restriction, imposes a positive duty on each commissioner touching road conditions in his district.

But, in our opinion, this duty and power of supervision is administrative in character, is subordinate to, in co-operation with, and in aid of this court, which is still vested with general jurisdiction and supervision in the premises. We therefore hold that the several orders complained of were within the lawful power and discretion of the court, the governing body.

The judgment of the court below is reversed, and the petition here dismissed.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.