181 So. 701

**THOMPSON v. CHILTON COUNTY et al.**

**5 Div. 269.**

Supreme Court of Alabama.

May 19, 1938.

Reynolds & Reynolds, of Clanton, for appellees.

Lawrence F. Gerald and J. B. Atkinson, both of Clanton, for appellant.

KNIGHT, Justice.

This cause is before this Court on appeal from a judgment of the Circuit Court of Chilton County, sustaining demurrers to, and dismissing a petition filed by appellant against the appellees under the "Uniform Declaratory Judgment Act," approved September 7th, 1935, General Acts of 1935, pp. 777–779.

The demurrers of the appellees to the petition, which were sustained by the

lower Court, present for our determination three propositions.

First: Has a resident taxpayer such interest in the funds of a county as would authorize him, under the provisions of the Uniform Declaratory Judgment Act, to file a proceeding to prevent the illegal and wrongful expenditure of such funds?

Second: Whether or not the petition, in this case, of the resident taxpayer, for a declaratory judgment, presents a justiciable controversy between the petitioner, and the respondents, Chilton County, and the Members of the Court of County Commissioners?

Third: Whether or not the local act of the Legislature of 1936, Local Acts 1936, Ex.Sess., p. 4, providing for the appointment of a Road Supervisor, and prescribing his powers, duties and authority over the public roads and highways of Chilton County, takes from the Court of County Commissioners of said county its control over, and general superintendence of the public roads and bridges, and deprives said Court of its legislative, executive and judicial powers in respect thereto?

■ This Court is committed to the proposition that a taxpayer may maintain a bill to prevent a misappropriation of the county funds. Reynolds, County Treas., et al. v. Collier, 204 Ala. 38, 85 So. 465; Potts v. Commissioners' Court of Conecuh County, 203 Ala. 300, 82 So. 550; O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann. Cas.1918B, 593.

Borchard in his treatise on Declaratory Judgments, at p. 597, observes:

"In most states of the United States, and practically always in American municipalities, a taxpayer is deemed to have sufficient legal interest to prevent by injunction the improper or illegal expenditure of public funds, without invoking the actual or pro forma aid of an attorney-general as party plaintiff. A fortiori, therefore, he has sufficient interest to request declaratory relief against such expenditure or activity, whether in the form of a proposed or signed contract, or otherwise. * * *."

This Court in the case of Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273, in an opinion by Justice Bouldin held (page 277): "Controversies touching the legality of the acts of public officials, or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for such declaratory judgment, styled in the act and in the authorities, the 'declaration.' Official action, done or threatened, challenged as unlawful, a usurpation of official power, whether lack of authority appears in the terms of the statutes, or because of unconstitutionality thereof, are said to be determinable in this manner rather than force the parties to seek injunctive relief, which involves many questions going to the propriety of such relief."

In the case of Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234, it was observed by Foster, J., in writing for the court (page 236): "The Declaratory Judgments Act confers upon courts of record power to make declaration of such controversies, which we have held is sufficient to do so, when there is subsisting an actual controversy, on which substantial personal or property rights are dependent, and that parties to it are brought into court and heard so that the matter thereby becomes res judicata. Jefferson County v. Johnson, [232 Ala. 406] 168 So. 450."

■ The remedy provided in the Declaratory Judgment Act is designed to be alternative, and not dependent upon an absence of remedies. Borchard on Declaratory Judgments, pp. 147, 148; Tuscaloosa County v. Shamblin, supra.

■■ When it is remembered that the Declaratory Judgment Act was designed to supply the needs of a form of action that will set controversies at rest before they lead to repudiation of obligations, the invasion of rights, and the commissions of wrongs, (Green v. Inter-Ocean Casualty Co., 203 N.C. 767, 167 S.E. 38) it would seem that there is no room for doubt that the petitioner had such interest in the subject of the controversy as authorized him to bring the present proceeding.

■ Likewise, we are of the opinion that a justiciable issue between proper parties is here presented, and, therefore, the inquiry must be directed to the merits of the controversy. Zoercher et al. v. Alger et al., 202 Ind. 214, 172 N.E. 186, 907, 70 A.L.R. 1232; Ward v. Klamath County et al., 108 Or. 574, 218 P. 927; Kirkpatrick v. City Board of Education, 234 Ky. 836, 29 S.W.2d 565.

This brings us, therefore, to consideration of the question of whether the Local

Act of 1936, above mentioned, was intended to, and did in fact, and as a matter of law, take from the Court of County Commissioners of Chilton County all control, supervision, inspection and general superintendence of the public roads and bridges of said county, and deprive said court of its legislative, executive and judicial powers in respect to such roads, highways and bridges.

■ By section 1347 of the Code; Michie's Code, § 1397 (110) the Courts of County Commissioners, or other like governing bodies of the several counties of this state have general superintendence of the public roads, bridges and ferries within their respective counties, and may establish new, and change and discontinue old roads, bridges and ferries in their counties. To this end they are given legislative, judicial and executive powers, except as limited in and by the statute. These courts are courts of unlimited jurisdiction and powers as to the construction, maintenance and improvement of the public roads, bridges and ferries, except as their jurisdiction may be limited by the local or special statutes of the state. They are given by law the authority and power to establish, promulgate and enforce rules and regulations, make and enter into such contracts as may be necessary, or as may be deemed necessary and advisable; to build, construct and maintain a good system of public roads and bridges, and regulate the use thereof.

But it is insisted by appellant that this general superintendence, and other powers and duties with respect to the public roads of Chilton County, conferred by the general law [Code, § 1347; Michie's Code, § 1397 (110)] upon the Court of County Commissioners of said county, were taken from the said Court by the Local Act of 1936.

■ It has been repeatedly held by this Court that, in performance of their duties with reference to the location, erection, repair or removal, "or in the furnishing of the county's buildings, bridges and roads," the Court of County Commissioners exercises a function that is quasi legislative. Ensley Motor Car Co. v. O'Rear, Treasurer, 196 Ala. 481, 71 So. 704; Matkin v. Marengo County, 137 Ala. 155, 34 So. 171; Talley v. Jackson County Com'rs, 175 Ala. 644, 39 So. 167; Town of Eutaw v. Coleman, 189 Ala. 164, 66 So. 464; Commissioners' Court v. Hearne, 59

Ala. 371; Askew v. Hale County, 54 Ala. 639, 25 Am.Rep. 730.

By the Local Act of 1936, the Legislature created in and for Chilton County the office of Road Supervisor, with power in the Governor to appoint the supervisor to serve until the first Monday in February, 1939, and thereafter the Court of County Commissioners is required to appoint the supervisor.

By Section 3 of the Act the Road Supervisor may be removed by the Commissioners Court of Chilton County, for neglect of duty, or for any other cause which would furnish grounds for impeachment of public officers.

By Section 5 of the Act the duty imposed upon, and authority vested in the Road Supervisor, as to building or repairing the public roads and bridges in Chilton County, are expressly declared to be subject to the control of the Commissioners' Court, as set forth in the Act.

■ To be sure the Road Supervisor is charged with the duty of supervising the construction, maintenance and repairing the public roads in said county, but this does not mean that he displaces, in this respect, the Court of County Commissioners, and that this Court is stripped of its statutory powers conferred upon it by Section 1347 of the Code; Michie's Code, § 1397 (110). This supervisor is required to be a civil engineer, and his duties and authority in no wise conflict with the general powers of the court. He is in immediate charge of the construction, maintenance and repair of the roads, but his duties are purely ministerial, and subordinate to the Court of County Commissioners. Court of County Commissioners of Pike County v. Johnson, 229 Ala. 417, 157 So. 481; Arledge v. J. D. Pittman Tractor Co. Inc., ante, p. 131, 181 So. 91.

■ A consideration of the Act of 1936, supra, convinces us that there was no legislative purpose to transfer the powers vested in the Court of County Commissioners of Chilton County from that court and vest the same in the Road Supervisor. If such had been the legislative mind, different language and different terms would have been employed. Repeal of statutes by implication is not favored, and in this local act we find nothing which would give rise to an inference that it was the legislative purpose to deprive the Court of County Commissioners

of its legislative, executive and judicial functions with respect to the public roads, bridges and ferries in said county. The said local act in no wise conflicts with Section 1347 of the Code; Michie's Code; § 1397 (110), nor does it deprive the Court of County Commissioners of any power or authority conferred upon it by said Section 1347 of the Code; Michie's Code, § 1397 (110).

The only basis for the contention of appellant that the expenditures complained of were illegal is rested upon the erroneous assumption that the Local Act of 1936 took from the Court of County Commissioners all duties imposed by statute upon said court, and, as we have reached the conclusion that the local act in no wise conflicted with the provisions of Section 1347; Michie's Code, § 1397 (110), it necessarily follows that the Circuit Court properly sustained the demurrers of the respondents taking this point, and petitioner having declined to plead further, the court also properly dismissed the petition.

It results, therefore, that the judgment of the Circuit Court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.