114 So.2d 387

Bradley BROWN, Director of Revenue for Jefferson County,

v.

SOUTHERN CIGARETTE SERVICE COMPANY.

6 Div. 350.

Supreme Court of Alabama.

Sept. 3, 1959.

John Patterson, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Walter Emmett Perry, Jr., Birmingham, for appellee.

SIMPSON, Justice.

This is a bill for declaratory judgment by appellee against appellant to determine whether or not the appellee, which owns and furnishes to various business establishments, cigarette vending machines, is liable for the vending machine license, provided by § 613, Tit. 51, Code 1940, as amended.

The contention of appellee is, and the trial court so ruled, that the following proviso in said section 613 excepts it from the license:

"\* \* \* Provided that no license shall be required under this section where a privilege or dealer's license is required by this chapter for the sale of such articles and such privilege license shall have been obtained by the person, firm or corporation operating the place of business where such machine is located, or the owner of such vending machine shall have secured such privilege license as required herein."

The salient facts are: Appellee owns and operates automatic merchandising machines, from which cigarettes are vended by the insertion of coins. These machines are installed in some seventy or eighty retail stores or business establishments in Jefferson County. These stores are not owned or operated by the appellee. Appellee furnishes and installs the cigarette machines in the stores, services them, and keeps them replenished with cigarettes, as customers of the store buy them. In some instances the electricity used in operating the machines is paid for by the store proprietor, and in others by the appellee, and still in others the cost is shared by the store proprietor and the appellee. The percentage of profits realized from vending these cigarettes depends upon sales volume, the store proprietor and the appellee dividing the profits according to the individual situations. The store owner controls the time and manner of operation and the proper placing of the machines in the store.

Section 484, Tit. 51, Code, provides that: "Each retail dealer in \* \* \* cigarettes \* \* \* shall pay to the state [a specified] privilege license \* \* \*." This privilege license is usually paid by the store proprietor, but in some instances the appellee also pays a portion of the tobacco license. These vending machines have been in operation for many years and no request, until the institution of this litigation was ever made on appellee to pay the vending machine license.

We are in agreement with the conclusion reached by the trial court that the above quoted proviso in said section 613 excepts appellee from the vending machine license. Indeed it is difficult to see how any other conclusion could be reached. The reasoning of the trial court in the following excerpt from the final decree is quite apposite to sustain the conclusion, to wit:

"The interpretation and application contended for by respondents would result in the proviso being entirely vitiated except in cases where the owner of the vending machine and the owner of the place of business happened to be one and the same person. If such was the legislative intent, it is hard to understand why the statute, in this very proviso, would be at pains to provide an alternative for payment either of the special retail dealers license by the establishment proprietor, *or* payment of

the vending machine license by the owner of the machine. The proviso seems to be an exception to eliminate double taxation rather than an exemption from taxation. It expressly provides that *no* license (whatever, I interpolate) shall be required under this vending machine section where a dealer's license is required for the sale of such article, and *such* license shall have been obtained by the person operating the place of business where such machine is located. The words are plain and should have their common-sense-meaning, and there would not seem to be any room for operation of a theory that the space occupied by the machine inevitably constitutes some sort of separate commercial conclave."

It also needs but little comment to demonstrate that a justiciable controversy was posed, thereby entitling the appellee to file its bill. Appellee had been notified by appellant to appear in his office and to pay the license even though the State and Jefferson County had never demanded payment of the vending license before. When appellee was thus notified, it filed the instant bill. The Declaratory Judgment Act, § 167, Tit. 7, Code, states as one of its declared purposes that it may be used "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Quite clearly the present litigation posed a justiciable controversy between the parties. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479; Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484. See also Berman v. Wreck-a-Pair Bldg. Co., 236 Ala. 301, 182 So. 54 and 234 Ala. 293, 175 So. 269; Thompson v. Chilton County, 236 Ala. 142, 181 So. 701.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.