103 So.2d 769

Sam G. SWAIM

v.

**TUSCALOOSA COUNTY.**

6 Div. 240.

Supreme Court of Alabama.

June 12, 1958.

Mize & Spiro and Henry H. Mize, Tuscaloosa, and White, Bradley, Arant, All & Rose, Wm. Alfred Rose, Ellene Winn and Robt. R. Reid, Jr., Birmingham, for appellee.

Ward & Ward, Tuscaloosa, for appellant.

**512**

LAWSON, Justice.

By Act No. 38, adopted at the first Special Session of the 1956 Legislature (Acts of Alabama of 1956, p. 65), there was submitted to the qualified electors of this state a proposed amendment to the 1901 Constitution under which Tuscaloosa County might become indebted, in addition to all other indebtedness authorized prior to the adoption of the amendment, in an amount not to exceed $2,500,000 for the purpose of constructing and equipping a county courthouse and jail and acquiring land therefor and might sell and issue its interest-bearing bonds in evidence of such indebtedness. The election on the amendment, to which we will sometimes refer hereafter as the Tuscaloosa amendment and sometimes simply as the amendment, was held on Tuesday, November 6, 1956, and on November 15, 1956, the Governor of Alabama proclaimed the amendment ratified.

On August 20, 1957, Sam G. Swaim, a resident-taxpayer of Tuscaloosa County, filed his petition for declaratory judgment against Tuscaloosa County in the equity court of that county wherein he prayed that the court declare that the said Tuscaloosa County amendment was not lawfully adopted as an amendment to the Consti-

tution of this state and that Tuscaloosa County cannot legally take any action thereunder.

The complainant attacked the validity of the amendment on the following two grounds:

(1) The publication in Bibb, Macon and Mobile Counties of the proclamation of notice of the election on the amendment was not published for at least four successive weeks next preceding the day appointed for said election, as required by that portion of § 284 of the Constitution, as amended, which reads:

"* * * Notice of such election, together with the proposed amendments, shall be given by proclamation of the governor, which shall be published in every county in such manner as the legislature shall direct, for at least four successive weeks next preceding the day appointed for such election. * * *"

(2) That the language printed on the ballots used in the election did not sufficiently set forth the substance or subject matter of the amendment so as to indicate clearly the nature thereof, as required by that portion of § 285 of the Constitution, which reads:

"Upon the ballots used at all elections provided for in section 284 of this constitution the substance or subject matter of each proposed amendment shall be so printed that the nature thereof shall be clearly indicated. * * *"

The trial court rendered a final decree wherein the amendment was declared valid as against the attacks made upon it by the complainant. From that decree the complainant has appealed to this court.

A justiciable issue between proper parties is here presented. Thompson v. Chilton County, 236 Ala. 142, 181 So. 701; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234.

Publication of Notice Proclamation

The Governor's proclamation of notice (herein called "the notice proclamation") of the election on the amendment was published in a newspaper published in each of Bibb, Macon and Mobile Counties on October 4, 11, 18, and 25, 1956, each of which dates fell on a Thursday. Therefore, since the election on the amendment was held on Tuesday, November 6, 1956, the last of such publications was published neither (a) once in each of the four calendar weeks next preceding the calendar week in which said election was held, nor (b) once in each of the four seven-day periods immediately preceding the date of said election. See Opinion of the Justices, 251 Ala. 78, 36 So. 2d 499, wherein each of the then Justices of this court expressed as his individual view that publication in either of the ways referred to in (a) and (b) above constitutes substantial compliance with the requirements of § 284 of the Constitution, as amended. There was disagreement on another point.

The amendment was not passed by a majority of the electors of the state in excess of the total number of qualified electors in Bibb, Macon and Mobile Counties or in excess of the total number of qualified electors in those counties who failed to vote on the amendment at the election on November 6, 1956. So our holding in Doody v. State ex rel. Mobile County, 233 Ala. 287, 171 So. 504, 506, does not answer the question presently before us. In that case we held that improper publication in one county (Walker) of the notice of the election on a proposed constitutional amendment did not render invalid the adoption of the amendment where the "proposed amendment was adopted by the voters of the state by a majority considerably in excess of the total vote of Walker county."

In 1950 the Governor requested an advisory opinion on two constitutional questions, one of which read:

"Is the said constitutional amendment invalid because of the fact that notice of the election on December 13, 1949 upon said amendment was published in Baldwin County on the following dates only, viz: the 10th, 17th and 24th days of November, 1949, and the 1st day of December, 1949?"

The constitutional amendment about which inquiry was there made was not passed by a majority of electors of the state in excess of the total number of qualified electors in Baldwin County or in excess of the total number of qualified electors in that county who failed to vote on the constitutional amendment at the election held on December 13, 1949. Like the situation here in Bibb, Macon and Mobile Counties, the last publication of the notice proclamation in Baldwin County was made twelve days prior to the election on the amendment and the other three publications were made at seven-day intervals preceding the date of said last publication. So the facts presented in the 1950 request for advisory opinion in regard to the question at hand were precisely the same as are involved in the instant case except that the erroneous publication appeared in one county instead of three.

The majority of the Justices declined to answer the question on the ground that it presented no important constitutional question, saying in part:

"We entertain the view that after the amendment has thus progressed to that stage of having been so adopted and become a part of the organic law, namely, has been declared by the quoted constitutional prescriptions to be 'valid to all intents and purposes as parts of this constitution,' no one can question its validity in any collateral proceeding on a matter dehors the record. Stated another way, when the proceeding has reached this stage, unless invalidity by reason of not having followed a constitutional mandate appears on the face of the record, it cannot be impeached. This is a well known principle firmly embedded in our jurisprudence.

"And we may observe, also, there is now at this stage of the matter no

method for a direct attack. Savage v. Wolfe, 69 Ala. 569; Echols v. State ex rel. Dunbar, 56 Ala. 131.

\* \* \* \* \* \*

"In sum, the constitutional prescription as regards notice, as maybe some others relative to amending the organic law, is not required to be shown of record to have been observed and will be presumed to have been so where the proceedings have reached the stage now attained by the instant amendment. On collateral attack, therefore, matter dehors the record is not available to challenge its validity. Hence, unless their violation is brought under the judicial eye in a direct proceeding at the proper time, it would be unsound to permit it to be done later. If later, the question would arise, how much later? If one might be permitted at this time to contest in the courts the validity of the school amendment now considered, on that ground, at what later date might not a similar contest be undertaken? The evil in permitting such procedure is apparent.

"Our opinion is that the amendment under consideration cannot now be assailed for the defect noticed in Section 1 of your inquiry, of consequence of which it becomes unnecessary to further respond thereto." In re Opinion of the Justices, 254 Ala. 166, 168-169, 47 So.2d 643, 646.

The writer of this opinion did not agree with the views expressed above, but in a special concurrence expressed the opinion that the constitutional amendment there involved was not invalid because of the erroneous manner in which the notice proclamation was published in Baldwin County because there had been a substantial compliance with the provisions of § 284 of the Constitution, as amended. The writer and Justices Goodwyn, Merrill and Coleman hold in the instant case that there was a substantial compliance with the provisions of § 284 of the Constitution, as amended, and

that therefore the Tuscaloosa amendment is not invalid because of the erroneous manner in which the notice proclamation was published in Bibb, Macon and Mobile Counties. The doctrine of substantial compliance, upon which the writer of this opinion relied in his special concurring opinion in the 1950 advisory opinion, supra, appears to be the doctrine generally applied by the courts of this country where it appears that a failure to literally comply with constitutional provisions as to publication of notice cannot be reasonably said to have affected the result of the election. Mayer v. Adams, 182 Ga. 524, 186 S.E. 420; Hammond v. Clark, 136 Ga. 313, 71 S.E. 479, 38 L.R.A.,N.S., 77; Prohibitory Amendment Cases, 24 Kan. 700; State ex rel. Board of Fund Com'rs v. Holman, Mo., 296 S.W.2d 482; State ex rel. State Building Commission v. Smith, 335 Mo. 840, 74 S.W.2d 27; Fahey v. Hackmann, 291 Mo. 351, 237 S.W. 752; State ex rel. Hay v. Alderson, 49 Mont. 387, 142 P. 210; Swanson v. State, 132 Neb. 82, 271 N.W. 264; State ex rel. Thompson v. Winnett, 78 Neb. 379, 110 N.W. 1113, 10 L.R.A.,N.S., 149; Whiteside v. Brown, Tex.Civ.App., 214 S.W.2d 844; Cudihee v. Phelps, 76 Wash. 314, 136 P. 367; State ex rel. Morgan v. O'Brien, 134 W.Va. 1, 60 S.E.2d 722; Herold v. Townsend, 113 W.Va. 319, 169 S.E. 74.

Chief Justice Livingston and Justices Simpson and Stakely are of the opinion that the views expressed by the majority of the Justices in the 1950 advisory opinion, supra, are based on unassailable logic and competent authority and dispose of the question at hand and hold that the Tuscaloosa amendment cannot now be assailed because of the erroneous way in which the notice proclamation was published in Bibb, Macon and Mobile Counties.

■ Although there is disagreement as noted above, all of the Justices of this court hold that the trial court correctly decreed that there was no merit in the first ground upon which the validity of the

amendment was attacked, namely, the erroneous way in which the notice proclamation was published in Bibb, Macon and Mobile Counties.

### Ballots

The language appearing on the ballots used in all counties of the state in the election on the amendment was as follows:

"Proposed Amendment No. 7

"Shall the following be adopted as an Amendment to the Constitution of Alabama?

" 'Tuscaloosa County may become indebted, and in evidence of such indebtedness may sell and issue its interest bearing bonds, to the extent of not exceeding $2,500,000 in principal amount, for the purpose of constructing and equipping a county courthouse and jail in said county and acquiring land therefor; provided that before any such bonds shall be issued the question of whether said bonds shall be issued shall have first been submitted to a vote of the qualified electors of said county at an election to be called for that purpose by the governing body of said county and the issuance of said bonds shall have been authorized by a majority of said qualified electors voting at said election.' (Under the provisions of Act No. 38, Special Session 1956.)"

As set out by the trial court in its findings of fact, that language did not set forth the provisions of the amendment that (a) a favorable vote in Tuscaloosa County on the adoption of the amendment itself would eliminate the requirement, as a condition precedent to the issuance of the bonds under the amendment, for a subsequent election in the county on the question of their issuance; and (b) in the event the voters of the county did not authorize the issuance of such bonds at an election called for that purpose, then other elections shall thereafter be called for the same purpose by the governing body of the county from time to time, at intervals not exceeding two years, until the voters of the county should authorize the issuance of such bonds.

■ Section 285 of the Constitution, the pertinent part of which is set forth above, does not require that all provisions of a proposed amendment be set forth in extenso on the ballot. Those provisions do not require that the language printed on the ballot be a compendium of all such provisions. In fact, § 285 does not even require that the entire "substance or subject matter" of the proposed amendment be printed on the ballot. It only requires that so much thereof as may be necessary to indicate clearly the nature of the proposed amendment be so printed. Such is the holding of this court in Jones v. McDade, 200 Ala. 230, 75 So. 988, wherein we construed the exact language of § 285 involved in the instant case. We said:

" * * * This prescription for the ballot does not exact the printing thereon of the 'substance or subject-matter' of the proposed amendment any further than is necessary to clearly indicate the nature of the proposed amendment. * * *" 200 Ala. 236, 75 So. 994.

■ It is further pointed out in Jones v. McDade, supra, that it is not the function of the ballot to advise the electorate of the terms of the constitutional amendment upon which they are voting, but that this function was performed by the proclamation by the Governor of the election on the amendment. In that connection we said:

" * * * Having made this adequate provision for the information of the electors in respect of the terms of the proposed amendment to the Constitution, it is clear that it was not the purpose to have the ballot's contents inform the voters of that which they had, it must be assumed, been fully advised through the notice published by the Governor. The sole object of the requirement of section 285 was to formu-

late a proposition upon which the voter might indicate his choice by making a 'cross-mark * * * opposite the word * * * expressing his desire.' * *" 200 Ala. 235, 75 So. 993.

In Jones v. McDade, supra, there was involved a constitutional amendment changing the basis of compensation of the probate judge, tax assessor, tax collector and sheriff of Montgomery County from the fee system to salaries. The provisions of that amendment, the Montgomery amendment, set forth the compensation of those officers and certain of their clerks and other assistants, prescribed that the fees which would otherwise be collected by such officers be paid into the county treasury, and concluded with the provision that the "Legislature of Alabama may hereafter from time to time by local or general laws, fix, regulate and alter the amount of the above-named salaries and allowances, including the method and basis of their compensation, also fix, regulate and alter amount of compensation received by all other county officers of said county." The ballots used in the election on that amendment, however, merely stated the following:

"Shall the Constitution of Alabama be amended so that the judge of probate, sheriff, tax assessor and tax collector of Montgomery county will be placed on salary and required to cover the fees collected by them into the treasury of Montgomery county?"

It is to be noted that the language on the ballots involved in Jones v. McDade, supra, failed to indicate (a) that the legislature might in the future alter the salaries of the officers named on the ballot and the salaries of their clerks and other assistants and (b) that the legislature might fix the amount of compensation to be received by all other county officials of Montgomery County. Notwithstanding those omissions, we upheld the amendment there involved, holding that the language of the ballot clearly indicated the nature of the proposed amendment as required by § 285. As to that holding we said:

"* * * The nature of this proposed amendment was to effect the change of the mode of compensating county officers in Montgomery county. Its nature was 'clearly indicated' by the printed matter on the ballot; but its entire 'substance or subject-matter' was not set forth in the matter printed on the ballot. The matter printed on the ballot plainly indicated the proposed amendment's kind, species, character, sort, the qualities and attributes which distinguished it. If the printed matter on the ballot had included the two features not specifically enumerated thereon, an abstract or compendium of the proposal would have been set forth on the ballot. This is not required. That which was printed on the ballot nominated and described, by means of a partial recital of important features of the substance or subject-matter of the proposal, the subject for the voter's expression of his desire.

"It is to be conclusively presumed that every voter received the benefit of the notice contemplated through the publication in extenso of this proposed amendment. That is the method by which the Constitution intends the electorate shall be informed of the contents of proposed amendments. The printed matter on the ballot is but the instrument provided for the voter's expression of his desire. * * *" 200 Ala. 237, 75 So. 995.

See State ex rel. Garrow v. Grayson, 220 Ala. 12, 23, 123 So. 573.

All of the provisions of the amendment here under consideration relate to the subject matter printed on the ballots, viz.: issuance of bonds by Tuscaloosa County for the purpose of constructing and equipping a new county courthouse and jail and acquiring the land therefor. None relate to other counties; none relate to bonds to be issued for any other purpose. In this connection comparison with the language of the Montgomery amendment considered in

Jones v. McDade relating to other county officers is pertinent. No language pertaining to such other county officers was set forth on the ballots involved in the election on the Montgomery amendment; yet in Jones v. McDade this court upheld that amendment because the nature of the proposed amendment was clearly indicated by the language set forth on those ballots.

■ The provisions of the Tuscaloosa amendment here under consideration permitting bonds to be issued without a subsequent vote of the electors of the county, if the majority of the votes of those electors on the amendment itself was in favor of the amendment, is not a departure from the nature of the amendment as indicated by the language printed on the ballots. That provision merely enables the county to avoid going through the needless expense of holding a subsequent election when, upon the basis of the vote in the election on the amendment itself, such subsequent election would, if consistent with the previous vote in the county, be in favor of the issuance of bonds under the amendment.

■ Likewise, the provision of the amendment presently being considered which pertains to holding of subsequent elections in Tuscaloosa County on the question of issuance of bonds under the amendment, if the issuance of such bonds should not be approved at the first of any such elections, is not a departure from the nature of the amendment as indicated by the language printed on the ballots. This provision is very similar to that of the Montgomery amendment involved in Jones v. McDade permitting the legislature in the future to alter the salaries of the officers named in the ballot involved in that case and the salaries of their clerks and other assistants. Both provisions permit future action not specifically stated in the language on the respective ballots. Both, however, relate to the subject matter of the respective amendments as set forth on those ballots. In so far as the instant case is concerned, the provisions for a number of

subsequent elections would seem merely to be a matter of the mechanics by which the electors of the county would record their approval of the issuance of bonds under the amendment. Such a provision is clearly encompassed by the literal language of the proviso printed on the ballot in the instant case. We are of the opinion that the substance or subject matter of the amendment was sufficiently printed on the ballot used so as to indicate clearly the nature of the amendment, and since the electors of the state had been given notice of the full contents of the amendment by the Governor's proclamation of the election on the amendment, no elector could have been so misled in marking his ballot that he did not vote for the amendment he intended to vote for or against the one he intended to oppose.

■ In addition to the two grounds of attack on the validity of the adoption of the amendment, the complaint also contended that even if the amendment was validly adopted as a part of the Constitution of Alabama, that a subsequent election must be held in the county before any bonds may be issued under the amendment. The trial court held to the contrary and we are in accord with that view. As heretofore shown, the amendment itself stated that if a favorable vote is given it by the electors of Tuscaloosa County voting in the election on the amendment, then such a subsequent election will be unnecessary. A majority of the electors of the county voting on the amendment did vote in favor of it. It follows, therefore, that if the amendment has been validly adopted as a part of said Constitution, and we have so held as to the attacks here made, such a subsequent election is by the very terms of the amendment wholly unnecessary and the county may issue its bonds under the amendment without incurring the additional time and expense of holding such a subsequent election.

We are of the opinion that the declarations made by the trial court are correct and

that the decree appealed from should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.