104 So.2d 696

**OPINION OF THE JUSTICES.**

**No. 163.**

Supreme Court of Alabama.

Aug. 14, 1958.

Honorable James E. Folsom
Governor
State Capitol
Montgomery, Alabama

Dear Sir:

We have your request of June 20, 1958, for an advisory opinion of the Justices as to the validity of the constitutional amendment proposed by Act No. 370, adopted at the 1957 Regular Session of the Legislature and found in Acts of 1957, at page 492. The amendment authorizes Mobile County to become indebted for school building purposes, and to sell and issue its bonds in evidence of such indebtedness, in an amount not exceeding $3,000,000.

It is stated in your request that you gave notice of the election upon the amendment "by proclamation published in a newspaper published in each county of the state once a week for four successive weeks next preceding December 17, 1957, the date appointed for the election"; that "said proclamation was published in full in Clarke, Colbert, Coosa, Jefferson, Lauderdale, Lee and Montgomery Counties"; that "in the remaining sixty counties of the state, the fifth paragraph of the proclamation, which constitutes the first paragraph of the amendment itself, was omitted from the proclamation as published"; that "at the said election held on December 17, 1957, the question of the adoption of the amendment was submitted to the qualified electors of the state and returns of the election were made to the Secretary of State in the manner provided by law"; that "the official canvass of the said returns showed that 80,253 votes were cast for the adoption of the amendment and 32,286 votes were cast against the adoption of the amendment"; that by proclamation made by you as Governor of Alabama on December 27, 1957, "the results of said election were made known and the amendment was proclaimed to be valid to all intents and purposes and a part of the constitution of the State of Alabama."

You request that we answer the following constitutional question:

"Is the amendment invalid under Section 284 of the Constitution because of the omission from the aforesaid proclamation of notice, as it was published in sixty counties of the

state, of the first paragraph of the amendment?"

The first paragraph of the amendment is as follows:

"Mobile County is hereby authorized to become indebted for school building purposes and in evidence of the indebtedness so incurred, to sell and issue, in addition to all other bonds of the county, interest bearing bonds of the county not exceeding three million dollars ($3,000,000) in principal amount."

Section 284, Constitution 1901, as amended (Amendment XXIV, proclaimed ratified August 2, 1933), prescribes the following with respect to publication of notice of an election upon a proposed constitutional amendment, viz.:

" * * * Notice of such election, together with the proposed amendments, shall be given by proclamation of the governor, which shall be published in every county in such manner as the legislature shall direct, for at least four successive weeks next preceding the day appointed for such election. * * *."

■ The court has approved the doctrine that a proposed constitutional amendment is validly adopted when there has been substantial compliance with constitutional requirements for publication of notice of the election on the proposed amendment. Swaim v. Tuscaloosa County, Ala., 103 So.2d 769;[1] Doody v. State ex rel. Mobile County, 233 Ala. 287, 171 So. 504. In approving this doctrine in the Swaim case, the court had this to say [103 So.2d 773]:

" * * * The doctrine of substantial compliance * * * appears to be the doctrine generally applied by the courts of this country where it appears that a failure to literally comply with constitutional provisions as to

publication of notice cannot be reasonably said to have affected the result of the election. Mayer v. Adams, 182 Ga. 524, 186 S.E. 420; Hammond v. Clark, 136 Ga. 313, 71 S.E. 479, 38 L.R.A.,N.S., 77; Prohibitory Amendment Cases, 24 Kan. 700; State ex rel. Board of Fund Com'rs v. Holman, Mo., 296 S.W.2d 482; State ex rel. State Building Commission v. Smith, 335 Mo. 840, 74 S.W.2d 27; Fahey v. Hackmann, 291 Mo. 351, 237 S.W. 752; State ex rel. Hay v. Alderson, 49 Mont. 387, 142 P. 210; Swanson v. State, 132 Neb. 82, 271 N.W. 264; State ex rel. Thompson v. Winnett, 78 Neb. 379, 110 N.W. 1113, 10 L.R.A., N.S., 149; Whiteside v. Brown, Tex. Civ.App., 214 S.W.2d 844; Cudihee v. Phelps, 76 Wash. 314, 136 P. 367; State ex rel. Morgan v. O'Brien, 134 W.Va. 1, 60 S.E.2d 722; Herold v. Townsend, 113 W.Va. 319, 169 S.E. 74."

The specific inquiry, then, is whether the failure to include the first paragraph of the amendment in the notice of election in sixty counties can "be reasonably said to have affected the result of the election."

The obvious purpose of the publication requirements is to give notice to the electors of the holding of the election on a specified date, together with notice of the contents of the proposed amendment to be voted on. We are not concerned here with any question as to the date of holding the election, but only with the sufficiency of the notice with respect to the contents of the amendment.

The amendment consists of seven paragraphs. The first paragraph, set out supra, would advise a reader of four main facts: (1) That the amendment relates only to Mobile County; (2) that it authorizes Mobile County to become indebted and, in

evidence thereof, to sell and issue bonds; (3) that such bonds will be issued for school building purposes; and (4) that such bonds may not exceed $3,000,000 in principal amount. The other six paragraphs make it clear (1) that the amendment relates only to Mobile County, (2) that it authorizes Mobile County to become indebted and to sell and issue bonds in evidence thereof, and (3) that such bonds will be issued for school building purposes. The issuance of bonds is referred to in every paragraph of the amendment. Mobile County is referred to in four paragraphs. The third paragraph requires that the net proceeds from the sale of the bonds shall be used solely for certain school building purposes itemized in that paragraph. Clearly then, the only provision contained in the first paragraph that is not also contained in one or more of the other paragraphs of the amendment is the provision limiting to $3,000,000 the amount of bonds which may be issued.

■ It seems to us that any one reading any of the publications which omitted the first paragraph of the amendment would receive notice of all the provisions of the amendment except the limitation on the total amount of bonds authorized to be issued. Consequently, it would reasonably appear to such a reader that there was no limit on the amount of bonds which could be issued for school building purposes under the amendment. In this situation, would it not be reasonable to assume that if an elector favored adoption of an amendment permitting Mobile County to issue an unlimited amount of bonds for school building purposes, he would also favor the adoption of an amendment limiting the issuance of bonds to $3,000,000 for the same purposes? It seems to us that the result of the election on the amendment, which was favorable to adoption by more than two to one, could hardly have been affected by the erroneous publications.

Our answer to your question is, "No".

s/ DAVIS F. STAKELY
Associate Justice
s/ JOHN L. GOODWYN
Associate Justice
s/ PELHAM J. MERRILL
Associate Justice

I agree with the foregoing opinion, inasmuch as the court has held that the governing rule is substantial compliance. Swaim v. Tuscaloosa County, Ala., 103 So.2d 769.[1] I still think, however, what was said by the majority of the Justices in the 1950 advisory opinion (254 Ala. 166, 47 So.2d 643) states the better rule.

s/ ROBERT T. SIMPSON
Associate Justice

This court, in Swaim v. Tuscaloosa County, 103 So.2d 769,[2] held that the governing rule is substantial compliance. However, I am of the opinion that what was said by the majority of the Justices in the 1950 Advisory Opinion, 254 Ala. 166, 47 So.2d 643, states the better rule. But inasmuch as this court has authoritatively held that substantial compliance is necessary, I cannot agree with the majority of the Justices that there has been substantial compliance with § 284, supra, in the matter of the amendment now before us.

s/ J. ED LIVINGSTON
Chief Justice

We are of the opinion that the amendment is invalid under § 284 of the Constitution because of the omission from the Governor's proclamation of notice, as it was published in sixty counties of the state, of the first paragraph of the amendment. We do not subscribe to the view that the published notice constitutes a substantial compliance with § 284 of the Constitution and this court held in Swaim v.

1. Ante, p. 509.

2. Ante, p. 509.

Tuscaloosa County, Ala., 103 So.2d 769,[3] that the validity of a constitutional amendment can be attacked for want of compliance with § 284, supra, after the election on the amendment and the Governor's proclamation declaring the amendment adopted.

s/ THOMAS S. LAWSON
Associate Justice
s/ JAS. S. COLEMAN, Jr.
Associate Justice