213 So.2d 578

**Teresa M. EDMONSON**

v.

**Albert P. BREWER, as Governor et al.**

3 Div. 360.

Supreme Court of Alabama.

Aug. 15, 1968.

Goodwyn, Smith & Bowman, Montgomery, for appellant.

Bradley, Arant, Rose & White, Birmingham, for appellees.

PER CURIAM.

Appellant filed her bill of complaint asking the circuit court to declare that a certain amendment to the Constitution; which was proposed by the legislature by Act No. 273, 1967 Acts, page 781; has not been validly adopted and is not a part of the Constitution of Alabama.

Appellant contends that the proposed amendment was not adopted as required by Section 284 of the Constitution, as amended

by an amendment proclaimed ratified August 2, 1933. 1958 Recompilation of Code 1940, Vol. 1, page 359. Section 284, as amended, provides that notice of an election on a proposed amendment be published in every county, in such manner as the legislature shall direct, for at least four successive weeks preceding the day of such election. In Act No. 273, the legislature directed that notice be given by the Governor by publication in a newspaper in each county once a week for four successive weeks next preceding the day appointed for the election.

Notice was published in every county except Jefferson, where notice was not published. Except for the number of votes cast for and against the amendment, the facts and circumstances relating to lack of publication in Jefferson County are substantially the same as were the circumstances attending the failure to publish in Jefferson County in the case of the "Parks" Amendment considered by this court in Edmonson v. Brewer, 282 Ala. 336, 211 So.2d 469. At the election on the amendment considered in the instant case, the state-wide vote was 72,272 for and 23,043 against the amendment.

In the instant case, the trial court declared the "Mental Health" amendment, here under consideration, validly adopted, and the decree is affirmed on the authority of the above cited case.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL, HARWOOD, and KOHN, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting):

Having concurred in application of the so-called substantial compliance doctrine in Swaim v. Tuscaloosa County, 267 Ala. 509, 103 So.2d 769, and being of opinion still that the Swaim decision is correct, it seems appropriate to set out my reasons for dissent in the instant case.

To distinguish the Swaim case, there was there no failure to publish in either Bibb, Macon, or Mobile County. The required notice was published in each of those counties for four weeks prior to election day. Reference to a 1956 calendar will readily disclose that, in Swaim, the defect in publication was that notice had been published during each of the 2nd, 3rd, 4th, and 5th weeks prior to election instead of the 1st, 2nd, 3rd, and 4th weeks. The court held such publication to be sufficient, that is, substantial compliance. Notice had been published for four weeks in every county in the state, although publication began one week early in three counties.

In Doody v. State, 233 Ala. 287, 171 So. 504, there was a complete failure to publish in one county, but, if every voter in that county had voted against the amendment, the state-wide vote would still have ratified the amendment. Certainly the court was on sound ground in holding that failure to publish in the one county did not invalidate state-wide approval of the amendment.

Neither of those situations prevails here. There has been a complete failure to publish in the largest county of the state.

Appellant avers in paragraph 7 of the bill that there were 241,045 registered voters in Jefferson County on the day of election in the instant case, and only 12,772 voted on the instant amendment in Jefferson County, the vote being 10,476 for and 2,296 against the amendant. Appellees admit that these statements are true. The total state-wide majority favoring the amendment was a few votes more than 49,000. Obviously, the reason applied in Doody cannot apply here, and neither is the reasoning in Swaim applicable.

I do not agree that the requirement of publication in the largest county, which contained slightly less than one quarter million voters, is to be excused, or that newspaper articles, or radio or television comments, constitute substantial compliance with the requirements prescribed in either Section

284 of the Constitution or in Act No. 273, 1967 Acts, page 781.

It has been said that "Judges ought not to be ignorant in court of what everyone else knows and the judges themselves know out of court." The plain facts are that the "Mental Health" amendment enjoyed widespread support throughout the state, there was no organized opposition against it, and no vigorous opposition of any other sort. Although the amendment was and probably still is widely popular, and, in the judgment of many people, promotes a desirable, humanitarian purpose, we ought not to make shipwreck of constitutional safeguards in order to accommodate a popular and beneficent cause.

In Edmonson v. Brewer, supra, this court quotes from a Texas decision that the framers of the Constitution did not intend to "permit one private publisher to bring about the defeat of a constitutional amendment approved by the people, by the simple expedient of failing or refusing to publish notice of the election as required by the Constitution."

Volume 1 of the 1958 Recompilation of Code of 1940, including the pocket parts, contains two hundred and eighty-one (CCLXXXI) amendments to the Constitution which have been proclaimed ratified during the sixty-seven years since the Constitution was adopted. Probably as to less than a dozen of these amendments has any question been raised as to the method by which notice of the election on adoption of an amendment was given. In the instant case, according to the record, failure to publish in Jefferson County was due merely to oversight or inattention which all human beings are at some time likely to experience. From the record of adoption of constitutional amendments in this state, there is little likelihood that the will of the people will be frustrated by wilful or even negligent failure to publish notice of election on an amendment.

If ratification of an amendment can be accomplished without publishing the amendment in one county which has 241,045 voters, why cannot ratification be had without publication in two, three, ten, or more counties which contain half the qualified electors in Alabama? Where will the line be drawn as to what will be excused and what will not be excused as substantial compliance?

If the method of giving notice presently prescribed is outmoded or archaic, then the people can prescribe another method by changing the constitutional requirements for giving notice. The change, however, should be made by the people and not by this court. The sufficiency of compliance with the prescribed method ought to be measured by the terms of the Constitution itself, and not by the opinion of statisticians that publication would not have changed the result of the election, however well reasoned such opinion may be.

If the people of Alabama, speaking through this court, will not obey the plain command of our own Constitution, we have no reason to expect that our basic law will be respected by other earthly courts or powers.

The language of the Supreme Court of Florida in 1960, holding that the giving of notice of reregistration of voters was insufficient, seems appropriate here:

"Concerning the question of whether there was a compliance with the provision of the law relating to the publication of the notice of reregistration, we have heretofore pointed out that such notice was published in the form of a legal advertisement in only one issue of the newspaper whereas the statute requires that said notice be published once each week for four consecutive weeks. Petitioners' argument that the wide-spread publicity appearing in the press and on television and radio during each day from prior to the date of the first publication of this notice to and including the date of the election constituted a substantial compliance with the requirement of the statute cannot be sustained. Nor do we believe that any extended discussion of such

nebulous argument is necessary to justify this conclusion. Special elections, and particularly those which might result in requiring the exercise of the power of taxation, must be conducted in substantial compliance with constitutional and statutory requirements. Newspaper articles or comments or publicity by television or radio cannot lawfully substitute for the mandatory requirements of the law. The power to prescribe what shall constitute reasonable notice of an election, reregistration or other procedures is a legislative one. When it does so in elections of this kind, the requirements must be substantially complied with. One publication of the notice cannot conceivably be construed to be a substantial compliance with a statute which requires such notice to be published once each week for four consecutive weeks. Such requirement, being a condition precedent to an effective election, clearly supports the conclusion of the trial judge that this fatality vitiated the entire election."

Special Tax School Dist. No. 1 of Duval County v. State (Fla.), 123 So.2d 316, 322.

For these reasons I would reverse and hold that the amendment was not ratified.