HOUSTON, Justice.
Michael Chappell appeals from the trial court’s dismissal of his complaint. We affirm.
On September 29, 2000, Chappell filed a complaint, seeking a determination of whether Act No. 99-321, Ala. Acts 1999, which proposed an amendment to the Alabama Constitution of 1901, violated § 285 of the Constitution. The Act, which was passed in June 1999, proposed to amend the Constitution to abolish the “prohibition of interracial marriages” contained in Art. IV, § 102, of the Constitution. The amendment proposed by Act No. 99-321 appeared as Amendment Two on the November 7, 2000, General Election ballot. Chappell also sought to enjoin the State, Governor Don Siegelman, Secretary of State Jim Bennett, and Attorney General Bill Pryor (hereinafter collectively referred to as “the State”) from conducting an election on the proposed amendment.
*640 The State moved to dismiss the complaint. After a hearing, the trial court dismissed the complaint, based upon its conclusion that the Act did not violate § 285 of the Constitution.[1] This appeal followed.
Chappell contends that the trial court erred in dismissing his complaint because, he says, the amendment, which was approved by the voters and which repeals Art. IV, § 102, of the Constitution, is null and void because, he says, the State failed to follow the prescribed procedure for amending the Constitution. Chappell argues that § 285 of the Constitution was violated because the wording in the Act, improperly, he says, required that the election ballot describe the substance or subject of the proposed constitutional amendment in these words: “Proposing an amendment to [the Constitution] to abolish the prohibition of interracial marriages. Proposed by Act No. 1999-321.” Chappell contends that the ballot should have described the proposed amendment by setting out the language of § 102 of the Constitution (“The legislature shall never pass any law to authorize or legalize any marriage between any white person and a negro, or descendent of a negro.”); because the ballot did not contain that language, Chappell says, § 285 of the Constitution was violated.
Section 285 of the Constitution, provides, in pertinent part: “Upon the ballots used at all elections provided for in section 284 of this Constitution the substance or subject matter of each proposed amendment shall be so printed that the nature thereof shall be clearly indicated.” (Emphasis added.) In Swaim v. Tuscaloosa County, 267 Ala. 509, 515, 103 So.2d 769, 774 (1958), this Court stated:
“Section 285 of the Constitution ... does not require that all provisions of a proposed amendment be set forth in ex-tenso on the ballot. Those provisions do not require that the language printed on the ballot be a compendium of all such provisions. In fact, § 285 does not even require that the entire ‘substance or subject matter’ of the proposed amendment be printed on the ballot. It only requires that so much thereof as may be necessary to indicate clearly the nature of the proposed amendment be so printed. Such is the holding of this court in Jones v. McDade, 200 Ala. 230, 75 So. 988 [(1917)], wherein we construed the exact language of § 285 involved in the instant case.”
The wording of proposed Amendment Two on the November 7, 2000, ballot indicated clearly the nature of the proposed amendment, which was to abolish the prohibition of interracial marriages.
Chappell contends that Swaim v. Tuscaloosa County, supra, and Jones v. McDade, supra, are “sharply at odds” with Johnson v. Craft, 205 Ala. 386, 394, 87 So. 375, 381 (1921), in which this Court reaffirmed the principle that “ ‘every requisition which is demanded by the instrument itself in defining the mode of its amendment, is mandatory, and ... to omit the observance ‘of any one [of them] is fatal to the amendment’ ”; and Collier v. Frierson, 24 Ala. 100, 109 (1854), in which this Court said:
“The constitution is the supreme and paramount law. The mode by which amendments are to be made under it is clearly defined. It has been said that certain acts are to be done — certain requisitions are to be observed, before a change can be effected. But to what purpose are these acts required, or *641 these requisitions enjoined, if the Legislature or any other department of the government, can dispense with them.”[2]
The quoted portions of Johnson v. Craft and Collier v. Frierson require compliance with the mode of amending the Constitution established by the Constitution itself (specifically, §§ 284 through 287, and Amendment No. 24). We certainly adhere to the holdings of those cases. The holdings of Swaim v. Tuscaloosa County and Jones v. McDade do not conflict with them. The ballot used in the November 7, 2000, election contained the substance and the subject matter of the proposed amendment. This is what the Constitution requires.
The judgment dismissing Chappell’s complaint is affirmed.
AFFIRMED.
MOORE, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.

. At the November 17, 2000, hearing, Chap-pell withdrew his motion for a preliminary injunction because it was then moot. The election had been held on November 7, 2000.

. The Constitution of Alabama of 1819 was in effect at the time Collier v. Frierson was decided.